| | |
|---|---|
| DANIEL HOPKINS, | CASE NO. C18-1723 MJP |
| Plaintiff, | ORDER DENYING MOTION TO BIFURCATE |
| v. | |
| INTEGON GENERAL INSURANCE CO., | |
| Defendant. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THIS MATTER comes before the Court on Defendant's Motion to Bifurcate. (Dkt. No. 33.) Having reviewed the Motion, the Response (Dkt. No. 35), the Reply (Dkt. No. 38), and all related papers, the Court DENIES the Motion.

**Background**

On April 23, 2016, Plaintiff was stopped behind a pedestrian crosswalk in his car, with his wife in the passenger seat, when he was rear-ended by a distracted driver. (Dkt. No. 22, Declaration of Ann H. Rosato ("Rosato Decl."), Ex. 1 at 2-3.) When Plaintiff woke up the next

morning he experienced "big-time vertigo." (Id. at 55:4-7.) Two days after the accident, Plaintiff was diagnosed with a concussion. (Harris Decl., Ex. C at 30.) Still experiencing the vertigo months later, Plaintiff was seen by Dr. Carolyn L. Taylor for a neurological evaluation. (Rosato Decl., Ex. 3 at 12.) Dr. Taylor described Plaintiff's vertigo as "clearly new right after the whiplash injury, the day after" and concluded that he would have "that residual vertigo long-term" and it was unlikely to improve with additional treatment. (Id., Ex. 4 at 32:17-21, 33:11-12, 33:4-5.)

On March 26, 2018, Plaintiff submitted a request to Defendant for payment of his underinsured motorist ("UIM") policy limit of $250,000. (Id., Ex. 10.) On April 24, 2018, Defendant offered $17,340, explaining that it was "not considering any permanency" in making its offer based on a note from Plaintiff's physical therapist at Cascade Dizziness and Balance. (Id., Ex. 11 at 43.) Defendant did not increase its offer when Plaintiff explained that the Cascade note did not accurately describe his symptoms or comments. (Id., Ex. 12.)

In May 2018 Defendant began a records review, hiring a neurologist to review Plaintiff's medical records. (Id. Ex. 14; Harris Decl., Ex. C at 64-72.) Defendant had not hired an independent doctor to evaluate Plaintiff's claim before extending the $17,340 offer. (Id., Ex. K at 51:24-52:3.) The neurologist concluded that Plaintiff's symptoms could have been treated with "[t]hree months of physical therapy and three months of vestibular therapy." (Id.) Based on this, and after Plaintiff filed the present lawsuit, Defendant increased its offer to $40,000. (Id., Ex. D at 81.)

Plaintiff filed this lawsuit in King County Superior Court, alleging a claim for benefits under the UIM Policy, the extra-contractual claims of failure to act in good faith, negligence, violation of the Insurance Fair Conduct Act ("IFCA"), and violation of the Consumer Protection

Act ("CPA").  (Dkt. No. 1, Ex. 1 ("Compl.").)  Defendant removed the matter to this Court on November 30, 2018.  (Dkt. No. 1.)  Defendant now moves to bifurcate trial on Plaintiff's UIM claims and extracontractual claims pursuant to Federal Rule of Civil Procedure 42(b).[1]

**Discussion**

Federal Rule of Civil Procedure 42(b) provides, in relevant part,

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The decision to bifurcate proceedings is within the sound discretion of the district court. See Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." Drennan v. Maryland Casualty Co., 366 F.Supp.2d 1002, 1007 (D.Nev. 2005). With respect to both discovery and trial, the moving party has the burden of proving that bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties. Spectra–Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D.Cal. 1992). Bifurcation is inappropriate when the issues are so intertwined that separating them would create confusion to the trier of fact. Miller v. Fairchild Industries, Inc., 885 F.2d 498, 511 (9th Cir. 1989).

---

[1] In its Motion, Defendant asks the Court to order that the extracontractual claims be held in a separate trial (Dkt. No. 33 at 3), yet in its Reply Defendant asks the Court "to bifurcate trial into two stages before the same jury" (Dkt. No. 38 at 6).  Because Defendant did not propose staging the trial until its reply brief, Plaintiff did not have the opportunity to respond and the Court will not consider this proposal.  Amazon.com LLC v. Lay, 758 F. Supp. 2d 1154, 1171 (W.D. Wash. 2010); Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007).

1       Here, even if a jury finds that the value of Defendant's UIM claim was $17,340, "the extractual issues relating to the investigation and handling of the insured's claim for indemnity still exist." Navigators Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., No. C12-13-MJP, 2013 WL 2155707, at *1 (W.D. Wash. May 16, 2013); Coventry Associates v. American States Insurance Co., 136 Wash.2d 269, 279 (1998) (holding that an insured may maintain a bad faith claim for investigation of the insured's claim and violation of Consumer Protection Act even if the insurer was ultimately correct in determining coverage did not exist). Therefore, if the Court were to grant Defendant's Motion, "this Court would be faced with two trials, not one" regardless of the result in the UIM trial. *Navigators Insurance*, 2013 WL 2155707 at *1. Further, as Plaintiff notes, bifurcation would not expedite and economize here where at least four witnesses will provide testimony relevant to both the UIM insurance claim and extra-contractual claims and would necessarily have to testify twice. (Dkt. No. 35 at 5-6.)

      This is distinguishable from the cases Defendants cite where the court bifurcated trial on a claim for rescission that had no overlapping elements with the extracontractual claims, Karpenski v. Am. Gen. Life Companies, LLC, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012), and where the court granted summary judgment in an inapposite factual situation, where the plaintiffs voluntarily dismissed their UIM claim after the defendants paid the policy limit, Bridgham-Morrison v. Nat'l Gen. Assurance Co., No. C15-927RAJ, 2016 WL 2739452, at *4 (W.D. Wash. May 11, 2016), aff'd, 739 F. App'x 381 (9th Cir. 2018). (Dkt. No. 38 at 1, 4.)

## Conclusion

      Finding that bifurcation is inappropriate in this case and that any potential confusion or prejudice to the jury can be handled with clear jury instructions and a structured verdict form, the Court DENIES Defendant's Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 10, 2020.

*[signature]*
Marsha J. Pechman
Senior United States District Judge