|  |  |
|---|---|
| DANIEL HOPKINS, | CASE NO. C18-1723 MJP |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |
| v. |  |
| INTEGON GENERAL INSURANCE CO., |  |
| Defendant. |  |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THIS MATTER comes before the Court on Defendant Integon General Insurance Corporation's ("Integon's") Motion for Reconsideration of the Court's March 26, 2020 Order denying Defendant's Motion for Summary Judgment. (Dkt. No. 44.) Having reviewed the Motion, the Response (Dkt. No. 21), the Reply (Dkt. No. 54), and the related record, the Court DENIES the Motion.

Plaintiff Daniel Hopkins alleges that following a car accident that left him with severe vertigo, Defendant Integon failed to act in good faith investigating his claim and in offering him far less than his underinsured motorist policy limit. (See Dkt. No. 1, Ex. 1 ("Compl.").) Plaintiff

filed claims against Integon for negligence, failure to act in good faith, violation of the Insurance Fair Conduct Act ("IFCA"), and violation of the Consumer Protection Act ("CPA"). (Id.)

On March 26, 2020, the Court denied Defendant's Motion for Partial Summary Judgment on Plaintiff's IFCA, bad faith, and CPA claims. (Dkt. No. 37.) Of relevance here, the Court found that the Washington Supreme Court's holding in Coventry v. American States Ins. Co., 136 Wash.2d 269, 281-83 (1998), that expert witness fees constitute "harm" in bad faith actions—including CPA actions based on bad faith—extended to IFCA actions. (Id.) This was in line with this Court's 2018 ruling in Wall v. Country Mut. Ins. Co., 319 F. Supp. 3d 1227, 1235 (W.D. Wash. 2018):

> [T]he Court believes that the Coventry logic—if the expense is the direct result of the bad faith conduct—prevails and finds on that basis that the expert witness fee does equal "harm" under Washington state law . . .if the CPA's "unfair or deceptive practices" falls under the "bad faith" rubric, then logic dictates the same treatment be accorded to IFCA's "unreasonable denial." The Court does not believe it possible to have an "unreasonable denial" by an insurer that does not amount to bad faith conduct.

Wall v. Country Mut. Ins. Co., 319 F. Supp. 3d 1227, 1235 (W.D. Wash. 2018).

Integon now asks the Court to reconsider its Order in light of an April 6, 2020 decision from Division I of the Washington Court of Appeals, Lock v. Am. Fam. Ins. Co., No. 79255-5-I, 2020 WL 1675787 (Wash. App. Ct. 2020). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h). While Lock was decided after the Court's Order on Defendant's motion for partial summary judgment, because it was issued by an intermediate court and contradicts Washington Supreme Court precedent, Lock does not change the Court's analysis.

1       In <u>Lock</u>, after Plaintiff's primary care physician and independent medical exam both
2 concluded that her medical issues following a car accident had resolved, her insurer paid her PIP
3 benefits and medical bills and offered her $7,500 to settle. <u>Lock</u>, 2020 WL 1675787 at *2-3.
4 Among other costs, the plaintiff claimed that she incurred economic damages of $18,000 for her
5 expert witness. <u>Id.</u> at 3. Following a contentious litigation history—which included a letter
6 from defendant's corporate counsel to plaintiff after she was represented with a check for
7 $4153.75 that purported to embody "full and final settlement of all claims"—the jury awarded
8 the plaintiff $8,500 for her CPA claim and found that the defendant had not violated the IFCA.
9 <u>Id.</u> at *5. The trial court then granted the insurer's motion for judgment notwithstanding the
10 verdict, finding that the plaintiff failed to present evidence of damages to business or property,
11 rendering the jury's verdict awarding CPA damages unsupportable as a matter of law. <u>Id</u>. at
12 *3-6.

13       On appeal, Division I of the Washington Court of Appeals reversed the trial court's
14 dismissal of plaintiff's IFCA claims, finding that evidence of defendant's corporate counsel's
15 direct communication with plaintiff after she was represented, and her resultant distress, were
16 sufficient to establish "actual damages" under IFCA. <u>Id.</u> at *13. But the court also held that the
17 Plaintiff's "claim of the inconvenience and expense of prosecuting her CPA claim," including
18 expert witness fees, "does not support a claim for injury to business or property." <u>Id.</u> at *8. As
19 discussed above, this holding directly contradicts the Washington Supreme Court's holding in
20 <u>Coventry</u>, 136 Wn.2d at 281-83, which held that the cost of hiring experts to determine whether
21 the insurer acted in bad faith constitutes harm under the CPA. <u>See also</u> <u>F.C. Bloxom Co. v.</u>
22 <u>Fireman's Fund Ins. Co.</u>, 2012 WL 1377657, at *11 (W.D. Wash. Apr. 19, 2012) (relying upon
23 <u>Coventry</u> in holding that the expense of hiring an insurance expert is harm under the CPA and

the IFCA); Anderson v. State Farm Mut. Ins. Co., 101 Wn. App. 323, 332-33 (2000) (relying on Coventry to hold that attorney fees and costs expended in initiating the claim constituted harm under the CPA).

Because the Court is bound by the decisions of the Washington State Supreme Court in interpreting Washington's CPA and IFCA, see Alliance for Prop. Rights & Fiscal Responsibility v. City of Id. Falls, 742 F.3d 1100, 1103 (9th Cir.2013), citing Ariz. Elec. Power Co-op., Inc. v. Berkeley, 59 F.3d 988, 991 (9th Cir.1995), the Court finds that Coventry remains controlling authority and Lock does not change the Court's analysis. Defendant's Motion for Reconsideration is therefore DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 4, 2020.

Marsha J. Pechman
United States Senior District Judge