UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL HOPKINS,

                Plaintiff,

     v.

INTEGON GENERAL INSURANCE
CO.,

                Defendant.

CASE NO. C18-1723 MJP

ORDER RE MOTIONS IN LIMINE

THIS MATTER comes before the Court on Plaintiff's Motions in Limine (Dkt. No. 40) and Defendant's Motions in Limine (Dkt. No. 42). Having reviewed the Motions, the Responses (Dkt. Nos. 50, 52), and all related papers, the Court rules as follows:

**I.    Plaintiff's Motions in Limine**

**Motion in Limine No. 1** seeks to exclude any argument or discussion about the effect of the lawsuit on insurance rates and premiums as not relevant under FRE 401, 402 and outweighed by prejudice. Defendant agrees that this kind of argument or discussion should be excluded. Plaintiff's Motion in Limine No. 1 is AGREED by the Parties.

**Motion in Limine No. 2** seeks to exclude evidence that non-economic damages should be reduced because the sum will grow in the future if Plaintiff invests it.  Defendant agrees not to introduce such evidence.  Plaintiff's Motion in Limine No. 2 is AGREED by the Parties.

**Motion in Limine No. 3** seeks to Exclude evidence regarding the filing of motions in limine.  Defendant agrees not to introduce such evidence.  Plaintiff's Motion in Limine No. 3 is AGREED by the Parties.

**Motion in Limine No. 4** seeks to exclude evidence not properly disclosed during discovery.  Defendant agrees.  Plaintiff's Motion in Limine No. 4 is AGREED by the Parties.

**Motion in Limine No. 5** seeks to exclude any argument that an award of non-economic damages "will not make Plaintiff's pain go away."  Defendant agrees not to introduce such evidence.  Plaintiff's Motion in Limine No. 5 is AGREED by the Parties.

**Motion in Limine No. 6** seeks to exclude evidence that Plaintiff's wife "called the law firm right away" following the collision as unduly prejudicial and irrelevant.  Defendant agrees. Plaintiff's Motion in Limine No. 6 is AGREED by the Parties.

**Motion in Limine No. 7** seeks to exclude evidence regarding Plaintiff's counsel's prior representation of Kevin Moore, Plaintiff's neighbor and friend who is being called to testify regarding his personal knowledge of Plaintiff's damages.  Defendant agrees this evidence should be excluded.  Plaintiff's Motion in Limine No. 7 is AGREED by the Parties.

**Motion in Limine No. 8** seeks to exclude evidence of collateral sources of payment, specifically all evidence of Plaintiff's health insurance, with the exception of PIP and $25,000 payment from Progressive.  Defendant agrees not to introduce this evidence.  Plaintiff's Motion in Limine No. 8 is AGREED by the Parties.

**Motion in Limine No. 9** seeks to exclude evidence that the Plaintiff and his wife were involved in prior lawsuits and made past insurance claims as irrelevant and unduly prejudicial. Defendant argues that evidence from Plaintiff's 2014 trial concerning his 2011 scooter accident is relevant here, including previous statements Plaintiff may have made about his 2011 injuries. Plaintiff's Motion in Limine No. 9 is DENIED, with a limiting instruction that Defendant may only present evidence from the 2014 lawsuit concerning Plaintiff's 2011 crash and only as it relates to the medical facts of this case.

**Motion in Limine No. 10** seeks to exclude evidence of the Hopkins' prior collisions, with the exception of Plaintiff's 2011 scooter collision, as confusing and unduly prejudicial. Defendant argues this motion should be denied because the cumulative effect of multiple collisions on Plaintiff's cognitive condition is a contested issue. The Parties have not discussed any collisions other than the collision at issue in this matter and the 2011 collision, leaving the Court unclear as to what evidence this motion seeks to exclude. The Court therefore RESERVES RULING on Plaintiff's Motion in Limine No. 10.

**Motion in Limine No. 11** seeks to exclude evidence of Plaintiff's unrelated medical history and unrelated medical records; Defendant has not given notice that any medical expert will speak to such an issue. Defendant opposes the motion, arguing that Plaintiff has not specified which medical issues are "unrelated." The Court finds that Plaintiff has provided insufficient detail on what must be excluded and RESERVES RULING on Plaintiff's Motion in Limine No. 11.

**Motion in Limine No. 12** seeks to exclude evidence that Plaintiff's expert Steven Strzelec was terminated from State Farm allegedly because of anonymous complaints about sexual harassment. Defendant argues that Mr. Strzelec's termination is relevant to his potential

1    bias against insurance companies.  Plaintiff's Motion in Limine No. 12 is DENIED, with a

2    limiting instruction that while the fact of Mr. Strzelec's termination may be introduced, the

3    circumstances, including allegations of sexual harassment may not be introduced.

4    **Motion in Limine No. 13** seeks to exclude evidence or argument that the photographs of

5    the vehicles, the relative damage sustained by the vehicles, or the cost of repairing such vehicles

6    have any bearing on the degree or severity of Plaintiff's injuries.  Defendant opposes the motion,

7    arguing that in Washington, photographs of vehicle damage in personal injury actions are

8    admissible when relevant to the extent of the injury or "as an aid to the comprehension of

9    physical facts." <u>Kramer v.Portland-Seattle Auto Freight, Inc.</u>, 43 Wash. 2d 386, 389,(1953);

10    <u>McGee-Grant v. Am. Family Mut. Ins.</u>, No. C14-1989R5M, 2016 WL 9526408, at *1 (W.D.

11    Wash. Feb. 25, 2016).  Plaintiff's Motion in Limine No. 13 is DENIED.

12    **Motion in Limine No. 14** seeks to exclude evidence and lay witness testimony

13    regarding the forces of the collision.  Defendant opposes the motion, arguing that it is unclear

14    exactly what evidence Plaintiff seeks to exclude, but medical records, photographs, and repair

15    records are relevant to the issues in this case.  Plaintiff's Motion in Limine No. 14 is DENIED.

16    **Motion in Limine No. 15** seeks to exclude testimony regarding the valuation of

17    Plaintiff's claim from Defendant's insurance claims expert, Mr. Hight, because he refused to

18    elaborate on his opinion regarding the value of Plaintiff's claim during his deposition.  Plaintiff's

19    Motion in Limine No. 15 is DENIED.

20    **Motion in Limine No. 16** seeks to exclude Mr. Hight's testimony regarding post-

21    litigation claim handling.  Defendant argues this motion is unnecessary because Mr. Hight will

22    only testify about pre-litigation matters.  Because the Parties appear to agree that Mr. Hight will

23

24

only testify about pre-litigation matters, Plaintiff's Motion in Limine No. 16 is AGREED by the Parties.

**Motion in Limine No. 17** seeks to exclude testimony from Defendant's medical expert witness, Dr. Kutsy regarding disembarkment syndrome.  Defendant argues that Dr. Kutsy's testimony should be permitted because it is not based on speculation but rather the information relayed to him that "Plaintiff lives on a sailboat."  Plaintiff's Motion in Limine No. 17 is GRANTED.

**Motion in Limine No. 18** seeks to exclude argument and testimony alleging that Defendant was permitted to treat Plaintiff adversely or has a legally permissible "adversary interest."  The Court RESERVES RULING on Plaintiff's Motion in Limine No. 18.  The Court will settle this issue prior to trial and this will govern the standards to be applied throughout the trial.

## II.    Defendant's Motions in Limine

**Motion in Limine No. 1** seeks to exclude references to settlement discussions.  Plaintiff agrees, with the clarification that this should not preclude discussion of Defendant's $40,000 offer to settle the claim or evidence and discussion about Defendant's failure to pay Plaintiff's medical bills for treatment after this lawsuit was filed.  Defendant's Motion in Limine No. 1 is GRANTED with Plaintiff's limiting instruction.

**Motion in Limine No. 2** seeks to exclude references to Defendant's financial status. Plaintiff agrees.  Defendant's Motion in Limine No. 2 is AGREED by the Parties.

**Motion in Limine No. 3** seeks to exclude evidence of Plaintiff's good character. Plaintiff agrees not to introduce such evidence.  Defendant's Motion in Limine No. 3 is AGREED by the Parties.

1   **Motion in Limine No. 4** seeks to exclude "golden rule" arguments that the jury should

2 imagine themselves in Plaintiff's position.  Plaintiff agrees.  Defendant's Motion in Limine No. 4

3 is AGREED by the Parties.

4   **Motion in Limine No. 5** seeks to exclude "hometown" arguments that emphasize that

5 Defendant is not from here.  Plaintiff agrees.  Defendant's Motion in Limine No. 5 is AGREED

6 by the Parties.

7   **Motion in Limine No. 6** seeks to exclude the introduction of the insurance policy beyond

8 declarations and the UIM section.  Plaintiff agrees, but with the exception that the PIP benefits

9 section should also be introduced.  Defendant's Motion in Limine No. 6 is GRANTED, but the

10 PIP section may be introduced.

11   **Motion in Limine No. 7** seeks to exclude references to any other lawsuits, claims, or

12 other actions against Defendant.  Plaintiff agrees not to introduce any such references.

13 Defendant's Motion in Limine No. 7 is AGREED by the Parties.

14   **Motion in Limine No. 8** seeks to exclude any reference to these motions in limine.

15 Plaintiff agrees.  Defendant's Motion in Limine No. 8 is AGREED by the Parties.

16   **Motion in Limine No. 9** seeks to exclude argument or evidence related to claims not in

17 the Complaint.  Plaintiff agrees not to introduce any such argument or evidence.  Defendant's

18 Motion in Limine No. 9 is AGREED by the Parties.

19   **Motion in Limine No. 10** seeks to exclude all nonparty testifying witnesses from the

20 courtroom, including family members, friends, physicians, and testifying experts.  Plaintiff

21 agrees.  Defendant's Motion in Limine No. 10 is AGREED by the Parties.

22   **Motion in Limine No. 11** seeks to exclude undisclosed witness testimony.  Plaintiff

23 agrees.  Defendant's Motion in Limine No. 11 is AGREED by the Parties.

24

1    **Motion in Limine No. 12** seeks to exclude undisclosed evidence.  Plaintiff agrees.

2    Defendant's Motion in Limine No. 12 is AGREED by the Parties.

3    **Motion in Limine No. 13** seeks to exclude undisclosed expert opinions.  Plaintiff agrees.

4    Defendant's Motion in Limine No. 13 is AGREED by the Parties.

5    **Motion in Limine No. 14** informs the Court that the Parties will disclose witnesses the

6    day before the witness will testify.  This is not properly a motion in limine.  The Court will

7    ensure that each party identifies its witnesses with ample opportunity for each side to be

8    prepared.

9    **Motion in Limine No. 15** seeks to exclude all arguments or inferences to the effect that

10   the jury should punish, "send a message," or "make an example" of Defendant.  Plaintiff

11   contends he should be permitted to argue to the jury that one of the bases for its verdict is to

12   deter such conduct in the future.  The Court will rule on jury instructions prior to the start of the

13   trial and this will determine the scope of the arguments to be made.

14   **Motion in Limine No. 16** seeks to exclude references to any discovery disputes,

15   discovery motions, or the timing of discovery production because it's irrelevant, a waste of time,

16   and would only confuse the jury.  Plaintiff opposes the motion, arguing that he should be able to

17   admit evidence that Defendant redacted key portions of the claims file that were relied upon by

18   their claims adjustor, especially where Defendant's central argument is that their claims handling

19   was reasonable.  Defendant's Motion in Limine No. 16 is DENIED.

20   **Motion in Limine No. 17** seeks to exclude evidence, argument, or testimony regarding

21   the interpretation of the UIM policy because it is a question of law that should not be before the

22   jury.  Plaintiff argues that his insurance expert should be permitted to testify regarding aspects of

23

24

ORDER RE MOTIONS IN LIMINE - 7

1   the insurance policy and how those aspects of the policy apply to Defendant's claim handling.

2   Defendant's Motion in Limine No. 17 is DENIED.

3         **Motion in Limine No. 18** seeks to exclude all references to litigation expenses except

4   when cross-examining expert witnesses about their fees.  Plaintiff argues that evidence of

5   litigation costs is necessary to prove Plaintiff's damages under the CPA and IFCA.  Defendant's

6   Motion in Limine No. 18 is DENIED.

7         **Motion in Limine No. 19** seeks to exclude comments regarding witnesses not called to

8   testify as inadmissible hearsay, speculative, and unfairly prejudicial. This includes statements to

9   the jury that Defendant failed to call a particular witness.  Plaintiff opposes the motion, arguing

10  that Defendant's failure to call employees that have unique knowledge about the facts of this

11  case permits an adverse inference that their testimony would be unfavorable.  Defendant's

12  Motion in Limine No. 19 is DENIED.

13        **Motion in Limine No. 20** seeks to exclude testimony from Dr. Taylor, Plaintiff's treating

14  neurologist that goes beyond the medical records she created for Plaintiff.  Defendant's Motion

15  in Limine No. 20 is DENIED.

16        **Motion in Limine No. 21** seeks to exclude argument of an enhanced duty of good faith

17  and requirement of "equal consideration of the Insured's interests."  Plaintiff argues that

18  Defendant's motion confuses UIM insurer's right to assert defenses related to the uninsured

19  driver's role in the underlying collision with Defendant's duty to fulfill its policy and

20  extracontractual obligations to a first party insured.  The Court RESERVES RULING on

21  Defendant's Motion in Limine No. 21.  The Court will make its decision on jury instructions

22  prior to trial and this will inform the nature of the arguments to be made.

23

24

1   **Motion in Limine No. 22** seeks to exclude the expert testimony of Plaintiff's expert

2   Steve Strzelec because he is not qualified under FRE 702.  In the alternative, Defendant seeks to

3   limit Mr. Strzelec's testimony to exclude his opinions and legal conclusions.  Plaintiff argues that

4   Mr. Strzelec is imminently qualified, and during his extensive deposition he articulated the bases

5   for his opinion, including the pertinent industry standards, referencing the authority for each

6   industry standard and then explaining how Defendant's conduct fell short of that standard.  The

7   Court RESERVES RULING on Defendant's Motion in Limine No. 22.  Defendant may request a

8   time for argument prior to trial.

9   **Motion in Limine No. 23** seeks to exclude references to deficiencies in Defendant's

10   Claims Handling Guidelines because the Guidelines are flexible and adherence to the guidelines

11   is irrelevant to determining the reasonableness of Defendant's actions.  Defendant's Motion in

12   Limine No. 23 is DENIED.

13   **Motion in Limine No. 24** seeks to exclude medical opinions given by lay witnesses.

14   Plaintiff argues that Defendant's motion fails to describe the lay witness testimony it seeks to

15   exclude, and Plaintiff will present the requisite foundation for the evidence that he presents at

16   trial.  Defendant's Motion in Limine No. 24 is DENIED.

17

18   The clerk is ordered to provide copies of this order to all counsel.

19   Dated July 10, 2020.

20

21

Marsha J. Pechman
22   United States Senior District Judge

23

24