UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DANIEL HOPKINS, | NO. 2:18-CV-01723 MJP |
| Plaintiff, | |
| | PLAINTIFF'S REVISED JURY INSTRUCTIONS |
| v. | |
| INTEGON GENERAL INSURANCE CORPORATION, | |
| Defendant. | |

It was unclear from the pretrial conference whether the Court wanted a revised set of particular jury instructions or an entire set of new instructions. For this reason, we have done both in this pleading. Attachment 1 are revised particular instructions. Attachment 2 is an entire set of revised instructions.

DATED this 28th day of September, 2020.

PLAINTIFF'S REVISED JURY
INSTRUCTIONS - 1
CASE NO. 2:18-CV-01723 MJP

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**PETERSON | WAMPOLD**
**ROSATO | FELDMAN | LUNA**

*/s/Michael S. Wampold*
Michael S. Wampold, WSBA No. 26053
Tomás A. Gahan, WSBA No. 32779
1501 4th Avenue, Suite 2800
Seattle, WA 98101
Ph. (206) 624-6800
wampold@pwrfl-law.com
gahan@pwrfl-law.com

Attorneys for Plaintiff Daniel Hopkins

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

# Attachment 1

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 9**

<u>Violation of Insurance Regulations Related to Settlement of Claims</u>

A violation, if **any**, of one or more of the following statutory or regulatory requirements is a breach of the duty of good faith, an unfair or deceptive act or practice in the business of insurance under the consumer protection act and a breach of the insurance contract:

(1)     Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

(2)     Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

(3)     Refusing to pay claims without conducting a reasonable investigation.

(4)     Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

(5)     Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim.

> **Commented [TG1]:** Upon reflection, Plaintiffs believe that this instruction is relevant to the facts here and will readdress this with the Court.

(6)     Compelling an insured to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings.

(7)     Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims on which liability has become reasonably clear.

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 320.06 (7th ed.) (modified); *St. Paul Fire & Marine Ins. v. Onvia*, 165 Wn.2d 22, 130 (2008).

PLAINTIFF'S REVISED JURY
INSTRUCTIONS - 4
CASE NO. 2:18-CV-01723 MJP

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Instruction No. 18**

<u>Consumer Protection Act</u>

Plaintiff Hopkins claims that Defendant Integon General Insurance Corporation violated the Washington Consumer Protection Act. To prove this claim, Plaintiff Hopkins has the burden of proving each of the following propositions:

(1) That Defendant Integon General Insurance Corporation engaged in an unfair or deceptive act or practice;

(2) That the act or practice occurred in the conduct of Defendant Integon General Insurance Corporation's trade or commerce;

(3) That the act or practice affects the public interest;

(4) That Plaintiff Hopkins was injured in either his business or his property, and

(5) That Defendant Integon General Insurance Corporation's act or practice was a proximate cause of Plaintiff Hopkin's injury.

If you find from your consideration of all of the evidence that each of these propositions has been proved, your verdict should be for Plaintiff Hopkins on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Defendant Integon General Insurance Corporation on this claim.

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 310.01 (7th ed.).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Instruction No. 19**

<u>Per Se Violation of Consumer Protection Act</u>

A single violation of a statute or regulation relating to the business of insurance is an unfair or deceptive act or practice. A violation of these statutes and administrative rules also affects the public interest.

Statutory and administrative rules that govern insurance companies are set forth in Jury Instructions above.

If you find that a violation of a statute or regulation relating to the business of insurance has occurred, then you must find that the first three elements of a Consumer Protection Act violation have been proved.

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 310.03 (7th ed.) (modified); *Industr. Indemn Co v. Kallevig*, 114 Wn.2d 907, 923 (1990) (single violation of WAC regulations is CPA violation).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 23**

<u>Damages</u>

It is your duty to determine the value of Plaintiff Hopkins' claim for insurance benefits. In determining the value of that claim, you should consider:

You should consider the following past economic damage elements:

• The reasonable value of necessary medical care, treatment and services received to the present time.

• Lost or diminished assets or property, including value of money.

The following future economic damages elements:

• The reasonable value of necessary medical care, treatment and services with reasonable probability to be required in the future.

In addition, you should consider the following noneconomic damages elements:

• The nature and extent of the injuries.

• The disability, disfigurement and loss of enjoyment of life experienced and with reasonable probability to be experienced in the future.

• The pain and suffering, both mental and physical, and inconvenience experienced and with reasonable probability to be experienced in the future.

In addition to his claim for insurance benefits, Plaintiff Hopkins has asserted claims for violations of the Consumer Protection Act, Insurance Fair Conduct Act, duty to act in good faith, negligence, each of which has its own elements of damages. The Court will instruct as to those damages elements at the conclusion of trial.

6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 30.01.01 (7th ed.); 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 30.04 (7th ed.); 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 30.05 (7th ed.); 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 30.06 (7th ed.); 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 30.07.01 (7th ed.); 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 30.07.02 (7th ed.); for IFCA "actual damages," *see Dees v. Allstate Insurance Co.*, 933 F. Supp. 2d 1299, 1212-13 (W.D. Wash. 2013):

[A]n IFCA claimant can recover policy benefits, subject to the policy's limits and other applicable terms and conditions. The court does not agree with

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

Allstate that damages, such as unpaid medical bills, lost wages, and pain and suffering cannot be recovered if those damages also represent unreasonably denied UIM policy benefits.  Rather, if Ms. Dees' medical bill lost wages, and pain and suffering damages also represent unreasonably denied policy benefits, then Ms. Dees may recover these amounts if she proves her IFCA claim at trial.

*See also dissent in Segura v. Cabrera,* 179 Wash. App. 630, 648, 319 P.3d 98(Wash. Ct. App. 2014) ("As a general rule, federal and other state statutes that grant 'actual damages' permit recovery of emotional distress,") and Plaintiff's trial brief.

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

JURY INSTRUCTION NO. 30
INSURED'S DUTY OF GOOD FAITH – GENERAL DUTY

An insured also has a duty of good faith to the insurer.[1]  Plaintiff Hopkins complied with his duty.

---

[1] RCW 48.01.030

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

JURY INSTRUCTION NO. 31
INSURED'S DUTY OF GOOD FAITH – GENERAL DUTY

The reasonableness of the Defendant's claim handling must be measured as of the time that the conduct occurred and based on the facts known to it at the time.

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

# Attachment 2

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**DEFENDANT'S JURY INSTRUCTION NO. 1**
**DUTY OF JURY (COURT READS AND PROVIDES**
**WRITTEN INSTRUCTIONS)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.[2]

---

[2] Judge Pechman's Preliminary Instruction No. 1 (citing Ninth Circuit Manual of Model Civil Jury Instructions ("9th Cir. Model Instr.") No. 1.4).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 1**

<u>Claims and Defenses</u>

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a civil case brought against Defendant Integon General Insurance Company. The plaintiff is Daniel Hopkins. On April 23, 2016, Daniel Hopkins and his wife, Irene, were stopped behind a pedestrian crosswalk on Northwest 85th Street when they were hit from behind by another driver.

The driver who caused the crash was under-insured at the time of the collision. Plaintiff Hopkins is an insured under his Uninsured Motorist ("UIM") policy with Defendant Integon General Insurance Corporation. Because the driver who caused the crash was underinsured, Plaintiff Hopkins has a claim for the insurance benefits against Defendant Integon, his insurer for this claim.

Plaintiff Hopkins makes the following five claims against Defendant Integon:

1) For insurance benefits, and you will be asked to determine the value of that claim;

2) For violation of the Consumer Protection Act, and you will be asked to determine the value of that claim;

3) For violation of the Insurance Fair Conduct Act, and you will be asked to determine the value of that claim;

4) For violation of the insurance duty of good faith, and you will be asked to determine the value of that claim; and

5) For negligently handling Mr. Hopkins' UIM claim, and you will be asked to determine

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

the value of that claim.

Plaintiff Daniel Hopkins claims that, as a result of Defendant Integon General Insurance Corporation's conduct, he suffered damages.

Defendant Integon General Insurance Corporation disputes the amount of benefits requested and denies each and every one of Plaintiff Hopkins' claims.

9th Circuit Model Federal Jury Instructions 1.2.

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

DEFENDANT'S JURY INSTRUCTION NO. 10
CONDUCT AS JURORS

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and

PLAINTIFF'S REVISED JURY
INSTRUCTIONS - 15
CASE NO. 2:18-CV-01723 MJP

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.[3]

---

[3] Judge Pechman's Preliminary Instruction No. 3 (citing 9th Cir. Model Instr. No. 1.15).

PLAINTIFF'S REVISED JURY
INSTRUCTIONS - 16
CASE NO. 2:18-CV-01723 MJP

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

DEFENDANT'S JURY INSTRUCTION NO. 14
OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the Plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.[4]

---

[4] Judge Pechman's Preliminary Instruction No. 5 (citing 9th Cir. Model Instr. No. 1.21).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

DEFENDANT'S JURY INSTRUCTION NO. 8
RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.[5]

---

[5] Judge Pechman's Preliminary Instruction No. 7 (citing 9th Cir. Model Instr. No. 1.13).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

DEFENDANT'S JURY INSTRUCTION NO. 4
WHAT IS EVIDENCE

The evidence you are to consider in deciding the fact of the case are:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence;

(3) any facts to which the lawyers have agreed; and

(4) [any facts that I instruct you to accept as proved]. [6]

You may also have heard testimony in the form of depositions. This testimony is also evidence from which you are to decide the facts. You should draw no inference from whether these individuals were or were not physically present in the court themselves..

---

[6] Judge Pechman's Preliminary Instruction No. 8 (citing 9th Cir. Model Instr. No. 1.9).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

### DEFENDANT'S JURY INSTRUCTION NO. 5
### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence are received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.[7]

---

[7] Judge Pechman's Preliminary Instruction No. 9 (citing 9th Cir. Model Instr. No. 1.10).

PLAINTIFF'S REVISED JURY
INSTRUCTIONS - 20
CASE NO. 2:18-CV-01723 MJP

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

DEFENDANT'S JURY INSTRUCTION NO. 7
DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could infer another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.[8]

---

[8] Judge Pechman's Preliminary Instruction No. 10 (citing 9th Cir. Model Instr. No. 1.12).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

DEFENDANT'S JURY INSTRUCTION NO. 9
CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

weight you think their testimony deserves.[9]

---

[9] Judge Pechman's Preliminary Instruction No. 11 (citing 9th Cir. Model Instr. No. 1.14) (modified).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

## DEFENDANT'S JURY INSTRUCTION NO. 20
## EXPERT OPINION

You may hear testimony from experts who will testify to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.[10]

---

[10] Judge Pechman's Preliminary Instruction No. 12 (citing 9th Cir. Model Instr. No. 2.13).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

DEFENDANT'S JURY INSTRUCTION NO. 24
CORPORATIONS

All parties are equal before the law and a corporation or partnership is entitled to the same fair and conscientious consideration by you as any party.[11]

---

[11] Judge Pechman's Opening Instruction No. 13 (citing 9th Cir. Model Instr. No. 3.3)

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 3**

<u>Corporations</u>

Defendant Integon General Insurance Corporation is a corporation. A corporation can act only through its officers and employees. Any act or omission of an officer or employee is the act or omission of the corporation. A corporation is charged with the knowledge of its officers, agents and employees.

6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 50.18 (7th ed.) (modified); *Sons of Norway v. Boomer*, 10 Wn. App. 618, 623 (1974).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**DEFENDANT'S JURY INSTRUCTION NO. 3**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

In this case, the Plaintiff must prove each of his claims by a preponderance of the evidence. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.[12]

**Commented [DV2]:** This was edited to remove "affirmative defense" language in light of Court's rulings.

---

[12] 9th Cir. Model Instr. No. 1.6 (modified).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Instruction No. 2**

<u>Proximate Cause</u>

The term "proximate cause" means a cause which in a direct sequence produces the injury complained of and without which such injury would not have happened.

There may be more than one proximate cause of an injury.

6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 15.01 (6th ed.).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 4**

<u>Underinsured Motorist (UIM) Insurance Policy Coverage</u>

An Underinsured Motorist (UIM) policy provides coverage to its insured for injuries or damages caused by an at-fault, underinsured motorist.

The purpose of UIM insurance is to allow an injured party to recover those damages that the injured party would have received had the at-fault party been insured with liability limits as broad as the injured party's own UIM insurance limits.

*Finney v. Farmers Ins. Co.,* 92 Wn.2d 748, 751-52, 600 P.2d 1272 (1979) ("The purpose of the [UIM] statute is to allow an injured party to recover those damages which would have been received had the responsible party maintained liability insurance."); (*Britton v. Safeco Ins. Co. of America*, 104 Wn.2d 518, 531, 707 P.2d 125 (1985) ("[W]e construe the purpose of the *underinsured* motorist aspects of the new underinsured motorist statute as allowing an injured party to recover those damages which the injured party would have received had the responsible party been insured with liability limits as broad as the injured party's statutorily mandated underinsured motorist coverage limits.") (emphasis in original).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 12**

<u>Benefits Claim</u>

The Integon General Insurance Corporation policy provides UIM coverage for any injury and damage which was proximately caused by the April 23, 2016 collision. The Plaintiff has the burden of proving what injuries and damages to the Plaintiff were proximately caused by this collision and what amount the Plaintiff should recover.

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 300.02 (7th ed.)(modified).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

**Instruction No. 18**

<u>Consumer Protection Act</u>

Plaintiff Hopkins claims that Defendant Integon General Insurance Corporation violated the Washington Consumer Protection Act. To prove this claim, Plaintiff Hopkins has the burden of proving each of the following propositions:

(1)    That Defendant Integon General Insurance Corporation engaged in an unfair or deceptive act or practice;

(2)    That the act or practice occurred in the conduct of Defendant Integon General Insurance Corporation's trade or commerce;

(3)    That the act or practice affects the public interest;

(4)    That Plaintiff Hopkins was injured in either his business or his property, and

(5)    That Defendant Integon General Insurance Corporation's act or practice was a proximate cause of Plaintiff Hopkin's injury.

If you find from your consideration of all of the evidence that each of these propositions has been proved, your verdict should be for Plaintiff Hopkins on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Defendant Integon General Insurance Corporation on this claim.

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 310.01 (7th ed.).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 9**

<u>Violation of Insurance Regulations Related to Settlement of Claims</u>

A violation, if **any**, of one or more of the following statutory or regulatory requirements is a failure to provide benefits, an unfair or deceptive act or practice in the business of insurance under the Consumer Protection Act, and a breach of the duty of good faith.

Commented [DV3]: The order of these claims was changed for consistency

(1) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

(2)   Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

(3)   Refusing to pay claims without conducting a reasonable investigation.

(4)   Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

(5)   Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim.

Commented [TG4]: Upon reflection, Plaintiffs believe that this instruction is relevant to the facts here and will readdress this with the Court.

(6)   Compelling an insured to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings.

(7)   Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims on which liability has become reasonably clear.

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 320.06 (7th ed.) (modified); *St. Paul Fire & Marine Ins. v. Onvia*, 165 Wn.2d 22, 130 (2008).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Instruction No. 19**

Per Se Violation of Consumer Protection Act

A single violation of a statute or regulation relating to the business of insurance is an unfair or deceptive act or practice. A violation of these statutes and administrative rules also affects the public interest.

Statutory and administrative rules that govern insurance companies are set forth in Jury Instructions above.

If you find that a violation of a statute or regulation relating to the business of insurance has occurred, then you must find that the first three elements of a Consumer Protection Act violation have been proved.

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 310.03 (7th ed.) (modified); *Industr. Indemn Co v. Kallevig*, 114 Wn.2d 907, 923 (1990) (single violation of WAC regulations is CPA violation).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 20**

Injury in Consumer Protection Act Claim

An insured has suffered an "injury" under the Consumer Protection Act if their property or business has been injured to any degree. The injury element is met if the insured's property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory or regulatory violation is minimal.

Under the Consumer Protection Act, the Plaintiff has the burden of proving that they have been injured, but no monetary amount need be proved and proof of any injury is sufficient, even if expenses or losses caused by the violation are minimal.

Injuries to business or property include financial cost or loss.

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 310.06 (7th ed.) (modified); *Moratti v. Farmers Ins.*, 162 Wn. App. 495 (2011) (citing *Mason v. Mort. Am., Inc.*, 114 Wn.2d 842, 854 (1990)).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 22**

<u>Insurance Fair Conduct Act</u>

The Plaintiff claims that Integon General Insurance Corporation has violated the Washington Insurance Fair Conduct Act. To prove this claim, the Plaintiff has the burden of proving each of the following propositions:

(1) That Integon General Insurance Corporation unreasonably denied payment of benefits;

(2) That the Plaintiff was damaged;

(3) That Integon General Insurance Corporation's act or practice was a proximate cause of damage.

If you find from your consideration of all of the evidence that each of these propositions has been proved, your verdict on this claim should be for the Plaintiff on this claim. On the other hand, if any of these propositions has not been proved, your verdict on this claim should be for Integon General Insurance Corporation on this claim.

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 320.06.01 (7th ed.).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 6**

Duty to Act in Good Faith – General Duty

An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

In proving that an insurer failed to act in good faith, an insured must prove that the insurer's conduct was unreasonable, frivolous, or unfounded. The insured is not required to prove that the insurer acted dishonestly or that the insurer intended to act in bad faith.

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 320.02 (7th ed.); 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 320.01.01 (7th ed.) (modified).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 7**

Insurer's Failure to Act in Good Faith – Denial of First Party Claims

The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim.

An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 320.04 (7th ed.).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**JURY INSTRUCTION NO. 31**
**INSURED'S DUTY OF GOOD FAITH – GENERAL DUTY**

The reasonableness of the Defendant's claim handling must be measured as of the time that the conduct occurred and based on the facts known to it at the time.

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

**Plaintiff's Instruction No. 15**

<u>Burden of Proof on the Issues—No Affirmative Defense</u>

The Plaintiff has the burden of proving each of the following propositions on the claim of negligence:

First, that Integon General Insurance Corporation acted, or failed to act, in one of the ways claimed by the Plaintiff and that in so acting, or failing to act, Integon General Insurance Corporation was negligent;

Second, that the Plaintiff was harmed;

Third, that the negligence of Integon General Insurance Corporation was a proximate cause of the damage to the Plaintiff.

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for the Plaintiff on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Integon General Insurance Corporation on this claim.

6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 21.02 (7th ed.) (modified).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 16**

<u>Negligence</u>

Negligence is the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person would have done under the same or similar circumstances.

Ordinary care means the care a reasonably careful person would exercise under the same or similar circumstances.

6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 10.01, 10.02 (7th ed.).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 17**

<u>Violation of Statute or Administrative Rule– Evidence of Negligence</u>

The violation, if any, of a statute or administrative rule is not necessarily negligence, but may be considered by you as evidence in determining negligence. Statutory and administrative rules that govern insurance companies are set forth in Jury Instruction No. 9 and 10 above.

6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 60.03 (7th ed.) (modified).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 10**

Standard for Prompt Investigation of a Claim

An insurance regulation provides that the following are standards applicable to all insurers:

(1)    Every insurer shall complete investigation of a claim within thirty (30) days after notification of claim, unless such investigation cannot reasonably be completed within such time.

(2)    If the insurer needs more time to determine whether a claim should be accepted or denied, it shall so notify the claimant within fifteen working days giving the reasons more time is needed. If the investigation remains incomplete, the insurer shall, within forty-five (45) days from the date of the initial notification and no later than every thirty (30) days thereafter send to such claimant a letter setting forth the reasons additional time is needed for investigation.

(3)    For all other pertinent communications from a claimant reasonably suggesting that a response is expected, an appropriate reply must be provided within ten working days for individual insurance policies, or fifteen working days with respect to communications arising under group insurance contracts.

(4)    The insurer's claim files are subject to examination by the commissioner or by duly appointed designees. The files must contain all notes and work papers pertaining to the claim in enough detail that pertinent events and dates of the events can be reconstructed.

6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 60.01 (7th ed.) (modified) citing WAC 284-30-370 ("Standards for prompt investigation of a claim") and WAC 284-30-380(3) ("Settlement standards applicable to all insurers"); *Progressive West Ins. Co. v. Bateman*, 128 Wn. App. 1051, 7 (2005).

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Instruction No. 23**

<u>Damages</u>

It is your duty to determine the value of Plaintiff Hopkins' claim for insurance benefits.  In determining the value of that claim, you should consider:

You should consider the following past economic damage elements:

• The reasonable value of necessary medical care, treatment and services received to the present time.

• Lost or diminished assets or property, including value of money.

The following future economic damages elements:

• The reasonable value of necessary medical care, treatment and services with reasonable probability to be required in the future.

In addition, you should consider the following noneconomic damages elements:

• The nature and extent of the injuries.

• The disability, disfigurement and loss of enjoyment of life experienced and with reasonable probability to be experienced in the future.

• The pain and suffering, both mental and physical, and inconvenience experienced and with reasonable probability to be experienced in the future.

In addition to his claim for insurance benefits, Plaintiff Hopkins has asserted claims for violations of the Consumer Protection Act, Insurance Fair Conduct Act, duty to act in good faith, negligence, each of which has its own elements of damages.  The Court will instruct as to those damages elements at the conclusion of trial.

---

6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 30.01.01 (7th ed.); 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 30.04 (7th ed.); 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 30.05 (7th ed.); 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 30.06 (7th ed.); 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 30.07.01 (7th ed.); 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 30.07.02 (7th ed.); for IFCA "actual damages," *see Dees v. Allstate Insurance Co.*, 933 F. Supp. 2d 1299, 1212-13 (W.D. Wash. 2013):

> [A]n IFCA claimant can recover policy benefits, subject to the policy's limits and other applicable terms and conditions.  The court does not agree with

PLAINTIFF'S REVISED JURY
INSTRUCTIONS - 43
CASE NO. 2:18-CV-01723 MJP

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

Allstate that damages, such as unpaid medical bills, lost wages, and pain and suffering cannot be recovered if those damages also represent unreasonably denied UIM policy benefits. Rather, if Ms. Dees' medical bill lost wages, and pain and suffering damages also represent unreasonably denied policy benefits, then Ms. Dees may recover these amounts if she proves her IFCA claim at trial.

*See also dissent in Segura v. Cabrera,* 179 Wash. App. 630, 648, 319 P.3d 98(Wash. Ct. App. 2014) ("As a general rule, federal and other state statutes that grant 'actual damages' permit recovery of emotional distress,") and Plaintiff's trial brief.

PLAINTIFF'S REVISED JURY
INSTRUCTIONS - 44
CASE NO. 2:18-CV-01723 MJP

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

## JURY INSTRUCTION NO. 30
## INSURED'S DUTY OF GOOD FAITH – GENERAL DUTY

An insured also has a duty of good faith to the insurer.[13]  Plaintiff Hopkins complied with

his duty.

---

[13] RCW 48.01.030

PLAINTIFF'S REVISED JURY
INSTRUCTIONS - 45
CASE NO. 2:18-CV-01723 MJP

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

**Plaintiff's Instruction No. 25**

<u>Particular Susceptibility</u>

If your verdict is for the Plaintiff, and if you find that:

(1) before this occurrence the Plaintiff had a condition that was not causing pain or disability; and

(2) the condition made the Plaintiff more susceptible to injury than a person in normal health,

then you should consider all the injuries and damages that were proximately caused by the occurrence, even though those injuries, due to the pre-existing condition, may have been greater than those that would have been incurred under the same circumstances by a person without that condition.

WPI 30.18.01

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415