UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL HOPKINS,

                  Plaintiff,

      v.

INTEGON GENERAL INSURANCE
CORPORATION,

                Defendant.

CASE NO. C18-1723 MJP

COURT'S FINAL INSTRUCTIONS
TO THE JURY

Dated October 14, 2020.

Marsha J. Pechman
United States Senior District Judge

**INSTRUCTION NO 1.**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  It is this final set of instructions that controls your consideration.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  You must not make any assumptions based upon any changes from the preliminary set of instructions.  It is the final set that you are governed by.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**INSTRUCTION NO 2.**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a civil case brought against Defendant Integon General Insurance Company. The plaintiff is Daniel Hopkins. On April 23, 2016, Plaintiff Daniel Hopkins and his wife, Irene, were stopped behind a pedestrian crosswalk on Northwest 85th Street in Seattle, Washington when they were hit from behind by another driver.

The driver who caused the crash was under-insured at the time of the collision. Plaintiff Hopkins is an insured under his Uninsured Motorist ("UIM") policy with Defendant Integon General Insurance Corporation. Because the driver who caused the crash was underinsured, Plaintiff Hopkins has a claim for the insurance benefits against Defendant Integon, his insurer for this claim.

Plaintiff Hopkins makes the following five claims against Defendant Integon:

1) For insurance benefits;

2) For violation of the Consumer Protection Act;

3) For violation of the Insurance Fair Conduct Act;

4) For violation of the insurance duty of good faith; and

5) For negligently handling Mr. Hopkins' UIM claim.

Plaintiff Daniel Hopkins claims that, as a result of Defendant Integon General Insurance Corporation's conduct, he suffered damages. You will be asked to determine the value of each of these claims.

Defendant Integon General Insurance Corporation disputes the amount of benefits requested and denies each and every one of Plaintiff Hopkins' claims.

**INSTRUCTION NO 3.**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**INSTRUCTION NO 4.**

Those exhibits received in evidence that are capable of being displayed electronically by using the "Box" platform will be provided to you in that form, and you will be able to view them in the jury room.

A court technician will show you how to use the "Box" platform and how to locate and view the exhibits on your device. If you have questions about how to operate the "Box" platform, you may send a note through the "Chat" function of ZoomGov to the courtroom deputy. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the "Box" platform in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the platform or your devices for any other purpose (for example, any website, database, directory, dictionary, or game). If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**INSTRUCTION NO 5.**

You had permission to take notes to help you remember the evidence.  If you took notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  When you leave, you should destroy your notes.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO 6.**

There are rules of evidence that control what can be received into evidence. During trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer was allowed to object. If I overruled the objection, the question could have properly been answered or the exhibit received. If I sustained the objection, the question could not have been properly answered, and the exhibit was not received.  Whenever I sustained an objection to a question, you must ignore that question and must not guess what the answer might have been or consider any answer that was given.

During the trial, I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  When you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NO 7.**

The evidence you are to consider in deciding what the facts are consists of:

1)      the sworn testimony of any witness;

2)      the exhibits which were received into evidence;

3)      any facts to which the lawyers have agreed; and

4)      any facts that I instruct you to accept as proved.

You may also hear testimony in the form of depositions. This testimony is also evidence from which you are to decide the facts. You should draw no inference from whether these individuals were or were not physically present in the court themselves.

**INSTRUCTION NO 8.**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1)        Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2)        Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3)        Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4)        Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.  In addition some evidence is received only for a limited purpose; when I instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

## INSTRUCTION NO 9.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO 10.**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1)      the opportunity and ability of the witness to see or hear or know the things testified to;

2)      the witness's memory;

3)      the witness's manner while testifying;

4)      the witness's interest in the outcome of the case, if any;

5)      the witness's bias or prejudice, if any;

6)      whether other evidence contradicted the witness's testimony;

7)      the reasonableness of the witness's testimony in light of all the evidence; and

8)      any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other

hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## INSTRUCTION NO 11.

You have heard testimony from experts who testified to opinions and the reasons for their opinions. This opinion testimony was allowed because of the education or experience of the witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO 12.**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**INSTRUCTION NO 13.**

Defendant Integon General Insurance Corporation is a corporation. A corporation can act only through its officers and employees.  Any act or omission of an officer or employee is the act or omission of the corporation.  A corporation is charged with the knowledge of its officers, agents and employees.

**INSTRUCTION NO 14.**

In this case, the Plaintiff was required to prove each of his claims by a preponderance of the evidence. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO 15.**

The term "proximate cause" means a cause which in a direct sequence produces the injury complained of and without which such injury would not have happened.

There may be more than one proximate cause of an injury.

**INSTRUCTION NO 16.**

An Underinsured Motorist (UIM) policy provides coverage to its insured for injuries or damages caused by an at-fault, underinsured motorist.

The purpose of UIM insurance is to allow an injured party to recover those damages that the injured party would have received had the at-fault party been insured with liability limits as broad as the injured party's own UIM insurance limits.

**INSTRUCTION NO 17.**

<u>Benefits Claim</u>

The Integon General Insurance Corporation policy provides UIM coverage for any injury and damage which was proximately caused by the April 23, 2016 collision. The Plaintiff has the burden of proving what injuries and damages to the Plaintiff were proximately caused by this collision and what amount the Plaintiff should recover.

**INSTRUCTION NO 18.**

<u>Consumer Protection Act Claim</u>

Plaintiff Hopkins claims that Defendant Integon General Insurance Corporation violated the Washington Consumer Protection Act. To prove this claim, Plaintiff Hopkins has the burden of proving each of the following propositions:

1)      That Defendant Integon General Insurance Corporation engaged in an unfair or deceptive act or practice;

2)      That the act or practice occurred in the conduct of Defendant Integon General Insurance Corporation's trade or commerce;

3)      That the act or practice affects the public interest;

4)      That Plaintiff Hopkins was injured in either his business or his property, and

5)      That Defendant Integon General Insurance Corporation's act or practice was a proximate cause of Plaintiff Hopkin's injury.

If you find from your consideration of all of the evidence that each of these propositions has been proved, your verdict should be for Plaintiff Hopkins on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Defendant Integon General Insurance Corporation on this claim.

.

## INSTRUCTION NO 19.

A violation, if any, of one or more of the following statutory or regulatory requirements is a failure to provide benefits, an unfair or deceptive act or practice in the business of insurance under the Consumer Protection Act, and a breach of the duty of good faith.

1)   Failing to acknowledge and act reasonably promptly upon communications withrespect to claims arising under insurance policies.

2)   Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

3)   Refusing to pay claims without conducting a reasonable investigation.

4)   Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

5)   Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim.

6)   Compelling an insured to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings.

**INSTRUCTION NO 20.**

A single violation of a statute or regulation relating to the business of insurance is an unfair or deceptive act or practice. A violation of these statutes and administrative rules also affects the public interest.

Statutory and administrative rules that govern insurance companies are set forth in Jury Instructions above.

If you find that a violation of a statute or regulation relating to the business of insurance has occurred, then you must find that the first three elements of a Consumer Protection Act violation have been proved.

**INSTRUCTION NO 21.**

An insured has suffered an "injury" under the Consumer Protection Act if their property or business has been injured to any degree. The injury element is met if the insured's property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory or regulatory violation is minimal.

Under the Consumer Protection Act, Plaintiff has the burden of proving that he has been injured, but no monetary amount need be proved and proof of any injury is sufficient, even if expenses or losses caused by the violation are minimal.

Injuries to business or property include financial cost or loss.

**INSTRUCTION NO 22.**

<u>Insurance Fair Conduct Act Claim</u>

Plaintiff Hopkins claims that Defendant Integon General Insurance Corporation has violated the Washington Insurance Fair Conduct Act. To prove this claim, the Plaintiff has the burden of proving each of the following propositions:

1)      That Defendant Integon General Insurance Corporation unreasonably denied payment of benefits;

2)      That the Plaintiff Hopkins was damaged;

3)      That Defendant Integon General Insurance Corporation's act or practice was a proximate cause of damage.

If you find from your consideration of all of the evidence that each of these propositions has been proved, your verdict should be for the Plaintiff Hopkins on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Defendant Integon General Insurance Corporation on this claim.

**INSTRUCTION NO 23.**

<u>Failure to Act in Good Faith Claim</u>

An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

In proving that an insurer failed to act in good faith, an insured must prove that the insurer's conduct was unreasonable, frivolous, or unfounded. The insured is not required to prove that the insurer acted dishonestly or that the insurer intended to act in bad faith.

**INSTRUCTION NO 24.**

The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim.

An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

**INSTRUCTION NO 25.**

The reasonableness of the Defendant's claim handling must be measured as of the time that the conduct occurred and based on the facts known to it at the time.

**INSTRUCTION NO 26.**

<u>Negligence Claim</u>

The Plaintiff has the burden of proving each of the following propositions on the claim of negligence:

First, that Integon General Insurance Corporation acted, or failed to act, in one of the ways claimed by the Plaintiff and that in so acting, or failing to act, Integon General Insurance Corporation was negligent;

Second, that the Plaintiff was harmed;

Third, that the negligence of Integon General Insurance Corporation was a proximate cause of the damage to the Plaintiff.

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for the Plaintiff on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Integon General Insurance Corporation on this claim.

## INSTRUCTION NO 27.

Negligence is the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person would have done under the same or similar circumstances.

Ordinary care means the care a reasonably careful person would exercise under the same or similar circumstances.

**INSTRUCTION NO 28.**

An insurance regulation provides that the following are standards applicable to all insurers:

1)    Every insurer shall complete investigation of a claim within thirty (30) days after notification of claim, unless such investigation cannot reasonably be completed within such time.

2)    If the insurer needs more time to determine whether a claim should be accepted or denied, it shall so notify the claimant within fifteen working days giving the reasons more time is needed. If the investigation remains incomplete, the insurer shall, within forty-five (45) days from the date of the initial notification and no later than every thirty (30) days thereafter send to such claimant a letter setting forth the reasons additional time is needed for investigation.

3)    For all other pertinent communications from a claimant reasonably suggesting that a response is expected, an appropriate reply must be provided within ten working days for individual insurance policies, or fifteen working days with respect to communications arising under group insurance contracts.

4)    The insurer's claim files are subject to examination by the commissioner or by duly appointed designees. The files must contain all notes and work papers pertaining to the claim in enough detail that pertinent events and dates of the events can be reconstructed.

**INSTRUCTION NO 29.**

The violation, if any, of a statute or administrative rule is not necessarily negligence, but may be considered by you as evidence in determining negligence.  Statutory and administrative rules that govern insurance companies are set forth in Jury Instruction No. 19 and 28 above.

**INSTRUCTION NO 30.**

<u>Damages</u>

**Benefits Claim**

It is your duty to determine the value of Plaintiff Hopkins' claim for insurance benefits, which is the amount of money that will reasonably and fairly compensate Plaintiff Hopkins for such damages as you find were proximately caused by the negligence of the at-fault driver in the April 23, 2016 collision. In determining the value of that claim, you shall not consider the limits of Plaintiff Hopkins UIM policy.  You should consider:

The following past economic damage elements:

• The reasonable value of necessary medical care, treatment and services received to the present time.  Plaintiff Hopkins and Defendant Integon General Insurance Company agree that this amount totals $10,931.

In addition, you should consider the following noneconomic damages elements:

• The nature and extent of the injuries.

• The disability, disfigurement and loss of enjoyment of life experienced and with reasonable probability to be experienced in the future.

• The pain and suffering, both mental and physical, and inconvenience experienced and with reasonable probability to be experienced in the future.

Plaintiff has been paid $10,000 in personal injury protection and $25,000 from Progressive Insurance Company for Ms. Montes's causing the collision. You are not to consider the fact that Plaintiff Hopkins has already received these payments in calculating your damages. The question of who pays or who reimburses whom will be decided by the Court in another proceeding after you return your verdict.

It is the duty of the court to instruct you as to the measure of damages, that is the amount of money that will reasonably and fairly compensate Plaintiff Hopkins, on Plaintiff Hopkins' claims that Defendant Integon General Insurance Company violated the Consumer Protection Act, the Insurance Fair Conduct Act, failed to act in good faith, and for negligence.  By instructing you as to the measure

of damages for those claims, the Court does not mean to suggest for which party your verdict should be rendered as to those claims.

**Consumer Protection Act**

If you find for Plaintiff Hopkins on his claim that Defendant Integon General Insurance Company violated the Washington Consumer Protection Act, then the damages that you may award for this claim are limited to Plaintiff Hopkins' unreimbursed medical expenses and the expert witness fees that Plaintiff Hopkins paid for this case. Plaintiff Hopkins' unreimbursed medical expenses totaled $931, and the expert witness fees he paid totaled $16,000.

**• Insurance Fair Conduct Act**

If you find for Plaintiff Hopkins on his claim that Defendant Integon General Insurance Company violated the Washington Insurance Fair Conduct Act, then you should consider the following elements of damages:

• Any emotional distress that Plaintiff Hopkins suffered as a proximate result of Defendant Integon General Insurance Company's violation of the Insurance Fair Conduct Act.

• Lost or diminished assets or property.

**Failure to act in good faith**

If you find for Plaintiff Hopkins on his claim that Defendant Integon General Insurance Company failed to act in good faith, then you should consider the following elements of damages:

• Any emotional distress that Plaintiff Hopkins suffered as a proximate result of Defendant Integon General Insurance Company's failure to act in good faith.

• Lost or diminished assets or property.

**Negligence**

If you find for Plaintiff Hopkins on his claim that Defendant Integon General Insurance Company was negligent, then you should consider the following elements of damages:

• Any emotional distress that Plaintiff Hopkins suffered as a proximate result of Defendant Integon General Insurance Company's negligence.

• Lost or diminished assets or property.

The burden of proving damages rests upon Plaintiff Hopkins. It is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Your award must be based upon evidence and not upon speculation, guess, or conjecture.

The law has not furnished us with any fixed standards by which to measure noneconomic damages. With reference to these matters you must be governed by your own judgment, by the evidence in the case, and by these instructions.

When determining the damages for each or any individual claim that has been proven by Plaintiff Hopkins, you should determine what damages were proven by a preponderance of the evidence for that individual claim, regardless of any amount determined or awarded for any other claim. In other words, you should determine the amount of damages for any individual claim as if it were the only claim that was asserted or proven. If you determine that more than one claim has been proven and have awarded damages for more than one claim, then the total award, as reflected in the Verdict Form, should not duplicate the damages.  In other words, if you conclude that Plaintiff Hopkins suffered the same economic or noneconomic damages as a result of more than one of the causes of action that was proven, then the total award should only reflect those damages one time. Thus, the total award recorded in the Verdict Form should reflect the total damages suffered by Plaintiff Hopkins, not a duplicate of the same damages.

**INSTRUCTION NO 31.**

An insured also has a duty of good faith to the insurer. Plaintiff Hopkins complied with his duty.

### INSTRUCTION NO 32.

If your verdict is for the Plaintiff, and if you find that:

1)   before this occurrence the Plaintiff had a condition that was not causing pain or disability; and

2)   the condition made the Plaintiff more susceptible to injury than a person in normal health,

then you should consider all the injuries and damages that were proximately caused by the occurrence, even though those injuries, due to the pre-existing condition, may have been greater than those that would have been incurred under the same circumstances by a person without that condition.

**INSTRUCTION NO 33.**

A verdict form has been prepared for you to fill out electronically.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

**INSTRUCTION NO 34.**

I will now say a few words about your conduct as jurors.

First, keep an open mind, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you have received all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO 35.**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.