UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL HOPKINS,<br><br>                Plaintiff,<br><br>        v.<br><br>INTEGON GENERAL INSURANCE CORPORATION,<br><br>                Defendant. | CASE NO. 2:18-cv-1723 MJP<br><br>ORDER ON DEFENDANT'S MOTION TO DESIGNATE A NEW EXPERT |

This matter is before the Court on Defendant's Motion to Designate a New Expert. (Dkt. No. 142.) Having reviewed the Motion, Plaintiff's Response (Dkt. No. 147), the Reply (Dkt. No. 151), the Surreply (Dkt. No. 153), the Motion to Strike Surreply (Dkt. No. 155) and all other supporting declarations and materials, the Court DENIES Defendant's Motion. The Court also considers Plaintiff's Motion to Strike the Surreply and GRANTS it.

**BACKGROUND**

This case arises out of an underinsured motorist claim filed by Plaintiff Daniel Hopkins with Defendant Integon General Insurance ("Integon"). (Motion at 2.) The Parties went to trial in

2020, which resulted in a jury verdict for Integon on two of Hopkins' claims and for Hopkins on his three other claims. (Id.) Integon appealed, and the Ninth Circuit remanded for a new trial on Hopkins' bad faith and CPA claims. (Id. at 3.) On August 2, 2022, the Court held a status conference and set the second trial for May 30, 2023. (See Dkt No. 138.) During the status conference Integon informed the Court that it may substitute its expert witness. (Response at 2.) The Court told Integon that if it wanted to disclose a new expert to replace its previous one, it would need to move the Court as to why that should happen. (Id.) Integon now brings that motion.

## ANALYSIS

**A.      Integon's Motion to Designate New Expert**

Though there is no rule the Court is required to follow regarding a request to designate a new expert, other courts in the Ninth Circuit have approached it in two ways. The first approach is to interpret the motion as a request to amend the scheduling order under Rule 16(b)(4) of the Federal Rules of Civil Procedure ("Fed. R Civ. P."). See Fidelity Nat'l Finc., Inc. v. Nat'l Union Fire Ins. Co., 308 F.R.D. 649, 652 (S.D. Cal. 2015); Park v. CAS Enterprises, Inc., No. 08-cv-00385-DMS-(NLS), 2009 WL 4057888, at *2-3 (S.D. Cal. Nov. 18, 2009). The second approach is to consider the motion as an untimely designation under Fed. R. Civ. P. 26(a) and decide the appropriateness of sanctioning the untimely disclosure under Fed. R. Civ. P. 37(c). See Nikkar v. Gen. Star Indem. Co., No. CV 12-08148 DDP JCGX, 2014 WL 271630, at *2 (C.D. Cal. Jan. 23, 2014). Rule 16(b)(4) requires the moving party to demonstrate good cause, whereas Rule 37(c) excuses a delay when it is substantially justified or harmless. Since both Parties argue under Rule 16, the Court will apply that standard.

1    Rule 16 allows a court to amend a scheduling order for "good cause." The Ninth Circuit
2    has clarified that the "good cause standard primarily considers the diligence of the party seeking
3    the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).
4    "Although the existence or degree of prejudice to the party opposing the modification might
5    supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's
6    reason for seeking modification." Id. (internal citation omitted). When ruling on a motion to
7    amend a Rule 16 scheduling order, the Ninth Circuit has instructed courts to consider: (1)
8    whether trial is imminent; (2) whether the request is opposed: (3) whether the non-moving party
9    would be prejudiced; (4) whether the moving party was diligent in obtaining discovery; (5) the
10   foreseeability of the need for additional discovery; and (6) the likelihood that the discovery will
11   lead to relevant evidence. City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir.
12   2017).

13   The Court finds no need to designate a new expert. Integon states that its expert, William
14   Hight, is winding down his practice with the goal of ending all work prior to the new trial date.
15   (Motion at 1.) In his declaration, Hight confirms that it is his strong preference he is not
16   compelled to testify again or forced to retire later than planned. (Declaration of William Hight ¶
17   5 (Dkt. No. 143).) Integon's request is therefore based on Hight's preference, not on his inability
18   to testify. And while the Court understands not wanting to travel across the country to testify, the
19   Court is happy to accommodate him using zoom, the same way he testified in the first trial.
20   Further, should Hight not wish to testify again there are avenues to admitting his testimony that
21   do not require substituting an entire new expert: his prior testimony can be read, or his prior
22   deposition can be used.

23

24

1    With regard to the factors discussed in Pomona, the Court finds that the main factor to
2    consider is Integon's diligence. Though Integon claims it was diligent, the record demonstrates
3    otherwise. Integon states that it only became aware of Hight's retirement at the end of
4    November. But the sincerity of that claim is strained considering Integon told the Court in
5    August that it may substitute its expert. And if it were truly at the end of November when
6    Integon first learned of Hight's retirement, its explanation for why it took until March 3, 2023, to
7    move the Court to designate a new expert is lacking. Integon claims it informed Plaintiff's
8    counsel of Hight's retirement on January 3, 2023, more than a month after Integon became
9    aware. (Reply at 4.) It then took Integon until then end of February to get a declaration for its
10   replacement expert. (Id.) Integon then filed its Motion on March 3, 2023. Waiting until two
11   months before trial to submit its motion when it was on notice for the four months prior hardly
12   demonstrates diligence.
13       The Court finds the remaining factors weigh in favor of Hopkins. Trial is scheduled and
14   less than two months away, and is therefore imminent. Hopkins opposes the request. And
15   depending on the new expert report, Hopkins may or may not be prejudiced, making that factor
16   neutral at best, but potentially weighing in Hopkins' favor. As for the foreseeability, Integon
17   informed the Court in August that it might designate a new expert, thus its motion was
18   foreseeable. Finally, the last factor is neutral.
19       Because Integon was not diligent and its Motion is based on Hight's preferences, the
20   Court DENIES the Motion.
21   **B.      Hopkins' Motion to Strike**
22       Hopkins' requests the Court strike Integon's Surreply because it failed to follow local
23   rule 7(g) and because the contents are misleading. The Court agrees.
24

ORDER ON DEFENDANT'S MOTION TO DESIGNATE A NEW EXPERT - 4

1  Without filing a notice of intent to file a surreply as required under local rule 7(g)(1),
2  Integon filed a second "Reply" three days after filing its first. (Dkt. No. 153.) The Surreply
3  informed the Court that Integon had received Hopkins' revised expert report and that it contained
4  50 pages. (Surreply at 1.) But this information is irrelevant. The Parties discussed Hopkins'
5  expert's supplement report during the August 2, 2022, hearing. The fact that this report was
6  coming is not a surprise. And as Hopkins points out, the initial report was of a similar length.
7  (Motion to Strike at 2.) And Integon's insinuation that Hopkins waited until after Integon's
8  Reply was due is unsubstantiated. Integon asserts the report is dated Thursday, March 16, 2023.
9  Integon filed its Reply on Friday, March 17, 2023, and Hopkins handed the report over on
10 Monday, March 20, 2023. A reasonable person can infer that Plaintiff's counsel wanted to
11 review the report before it was handed over and that it took the day to do so. The Court
12 GRANTS Hopkins' Motion and STRIKES the Surreply.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 30, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER ON DEFENDANT'S MOTION TO DESIGNATE A NEW EXPERT - 5